UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SOCIAL POSITIONING INPUT SYSTEMS, LLC

                                1:21-CV-2036

                Plaintiff,                PATENT CASE
                                        ANSWER-JURY TRIAL
                                        DEMANDED

            -against-

TRACKIMO, INC.

                Defendant.
-----------------------------------------------------------------X

**TRACKIMO INC.'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

      Defendant TRACKIMO INC.  ("Trackimo" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Social Positioning Input Systems, LLC's ("Plaintiff" or "Social Positioning") Complaint for Patent Infringement ("Complaint"). Trackimo denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

1.   Trackimo admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

2.   Trackimo admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.   Trackimo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4.   Trackimo admits the allegations of paragraph 4 of the Complaint.

5.   Trackimo does not have any sales in New York and just maintains a postal address in their

1

attorneys office.  Trackimo denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the allegations in Paragraph 5.

6.   Trackimo's sales are overseas and not in this District.  Trackimo denies it has committed or is committing acts of infringement within this district or elsewhere and on that basis, denies the allegations in Paragraph 6 of the Complaint.

7.   Trackimo does not deny that venue is proper in this case.


## COUNT I

## (ALLEGED) INFRINGEMENT OF UNITED STATES PATENT NO. 9,261,365

8.   Trackimo incorporates paragraphs 1 through 7 herein by reference.

9.   Trackimo admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. §§ 271, *et. seq.*

10. Trackimo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. Trackimo admits that a purported copy of U.S. Patent No. 9,261,365 (the "'365 Patent") is attached to the Complaint as Exhibit A and that the face of that patent indicates that it is entitled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device."

12. Trackimo denies the allegations in paragraph 12 of the Complaint.

13. Trackimo denies the allegations in paragraph 13 of the Complaint.

14. Trackimo denies the allegations in paragraph 14 of the Complaint.

15. Trackimo denies the allegations in paragraph 15 of the Complaint.

16. Trackimo denies the allegations in paragraph 16 of the Complaint.

17. Trackimo denies the allegations in paragraph 17 of the Complaint.

18. Trackimo denies the allegations in paragraph 18 of the Complaint.

19. Trackimo denies the allegations in paragraph 19 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Trackimo has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '365 Patent.

### SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '365 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '365 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that TRACKIMO's actions allegedly infringe the '365 Patent, TRACKIMO is not liable to Plaintiff for the acts alleged to have been performed before TRACKIMO received actual notice that it was allegedly infringing the '365 Patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that TRACKIMO indirectly infringes, either by contributory infringement or inducement of infringement, TRACKIMO is not liable to Plaintiff for the acts alleged to have been performed before TRACKIMO knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the '365 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by TRACKIMO.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '365 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed by TRACKIMO practices: "sending a request from a requesting positional information device to a server for at least one address stored in at least one sending positional information device, the request including a first identifier of the requesting positional information device"; and "receiving at the requesting positional information device, from the server, a retrieved at least one address to the requesting positional information device wherein the server determines a second identifier for identifying the at least one sending positional information device

based on the received first identifier and retrieves the requested at least one address stored in the identified at least one sending positional information device"; as required by Claim 1 of the '365 Patent.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the '365 Patent that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

## TWELFTH AFFIRMATIVE DEFENSE

Should TRACKIMO be found to infringe any valid, enforceable claim of the '365 Patent, such infringement was not willful.

## TRACKIMO'S COUNTERCLAIMS

For its counterclaims against Plaintiff Social Positioning Input Systems, LLC ("Social Positioning"), Counterclaim Plaintiff TRACKIMO, Inc. ("TRACKIMO"), alleges as follows:

## PARTIES

1.        Counterclaim Plaintiff TRACKIMO is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 450 Seventh Ave. NYC NY 10013

2.        Upon information and belief based solely on Paragraph 1 of the Complaint as pled

by Plaintiff, Counterclaim Defendant Social Positioning Input Systems, LLC is a limited liability

company organized and existing under the laws of Texas that maintains its principal place of

business at 1801 NE


123 Street, Suite 314, Miami, FL 33181.

## **JURISDICTION**

3.        TRACKIMO incorporates by reference Paragraphs 1–2 above.

4.        These counterclaims arise under the patent laws of the United States, Title 35,

United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*,

and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.        Social Positioning has consented to the personal jurisdiction of this Court at least

by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.        Based solely on Social Positioning's filing of this action, venue is proper for

purposes of these counterclaims in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## **COUNT I**

## **DECLARATION REGARDING NON-INFRINGEMENT OF THE '365 PATENT**

7.        TRACKIMO incorporates by reference Paragraphs 1–6 above.

8.        Based on Social Positioning's filing of this action and at least TRACKIMO's first

affirmative defense, an actual controversy has arisen and now exists between the parties as to

whether TRACKIMO infringes U.S. Patent No. 9,261,365 (the "'365 Patent").

9.        TRACKIMO does not infringe at least Claim 1 of the '365 Patent because, *inter alia*, Plaintiff has not stated a plausible allegation that any system employed by TRACKIMO practices: "sending a request from a requesting positional information device to a server for at least one address stored in at least one sending positional information device, the request including a first identifier of the requesting positional information device"; and "receiving at the requesting positional information device, from the server, a retrieved at least one address to the requesting positional information device wherein the server determines a second identifier for identifying the at least one sending positional information device

based on the received first identifier and retrieves the requested at least one address stored in the identified at least one sending positional information device."

10.        Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, TRACKIMO requests a declaration by the Court that TRACKIMO has not infringed and does not infringe any claim of the '365 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II

## DECLARATION REGARDING INVALIDITY

11.        TRACKIMO incorporates by reference Paragraphs 1–10 above.

12.        Based on Social Positioning's filing of this action and at least TRACKIMO's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '365 Patent.

13.     On information and belief, the claims of the '365 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, and the rules, regulations, and laws pertaining thereto.

14.     For example, the '365 Patent is invalid for failure to comply with 35 U.S.C. § 101. As explained, the '365 Patent claims nothing more than an abstract idea, and it fails to claim an inventive concept.

15.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* TRACKIMO requests a declaration by the Court that the claims of the '365 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

16.     TRACKIMO does not have an adequate remedy at law.


## **PRAYER FOR RELIEF**

WHEREFORE, TRACKIMO asks this Court to enter judgment in TRACKIMO's favor and against Social Positioning by granting the following relief:

a)     a declaration that the '365 Patent is invalid;

b)     a declaration that Trackimo does not infringe, under any theory, any valid claim of the '365 Patent that may be enforceable;

c)     a declaration that Social Positioning take nothing by its Complaint;

d)     judgement against Social Positioning and in favor of Trackimo;

e)      dismissal of the Complaint with Prejudice;

f)      a finding that this case is an exceptional case under 35 U.S.C. § 285 and award to

Trackimo its costs and attorney's fees incurred in this action; and

g)      further relief as the Court may deem just and proper

<strong><u>JURY DEMAND</u></strong>

Trackimo hereby demands trial by jury on all issues.

Dated March 22, 2021          <u>By:/s *Saul Bienenfeld*</u>
Saul Bienenfeld
Bienenfeld Law
680 Central Ave
Suite 108
Cedarhurst, New York 11516
saul@bienenfeldlaw.com
212-363-7701