IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SOCIAL POSITIONING INPUT SYSTEMS, LLC,** § § § | |
| Plaintiff, § | Case No:1:21-cv-2036- JPC-JLC |
| § | |
| vs. § | PATENT CASE |
| § | |
| **TRACKIMO, INC.,** § § | |
| Defendant. § § | |

**SCHEDULING ORDER IN A PATENT CASE**

1. **THE DATE OF CONFERENCE AND APPEARANCES FOR THE PARTIES; INCLUDING THE INDIVIDUAL ATTORNEY'S NAME, THE LAW FIRM'S NAME, THE PARTY(IES) REPRESENTED, BUSINESS ADDRESS, AND BUSINESS PHONE NUMBER:**

The following counsel for the parties conferred via phone on April 13, 2021:

Jay Johnson
Kizzia Johnson PLLC
1910 Pacific Ave.,
Suite 13000
Dallas, TX 75201
214-451-0164

Attorney for Plaintiff Social Positioning Input Systems, LLC

Saul Bienenfeld
Bienenfeld Law
680 Central Ave., Ste. 108
Cedarhurst, NY 11516
212-363-7701

Attorney for Defendant TRACKIMO, Inc.

2.  **A CONCISE STATEMENT OF THE ISSUES AS THEY THEN APPEAR:**

    This is an action for patent infringement arising under the patent law of the United States 35 U.S.C. § 1 et seq. and particularly under 35 U.S.C. § 271. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Plaintiff claims Infringement of U.S. Patent No. U.S. Patent No. 9,261,365 (the '365 patent) under 35 U.S. Code § 271, *et seq*.

    The following facts are undisputed:
    - The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.
    - Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b).
    - The '365 patent was issued on February 16, 2016.

3.  **A PROPOSED SCHEDULE INCLUDING:**

    a. The deadline by which the parties may move to amend the pleadings or join any other parties: <u>See attached hereto Exhibit A</u>;

    b. Dates for document requests and initial interrogatories: <u>See attached hereto Exhibit A</u>;

    c. The names of non-expert witnesses expected at this time to be deposed and either specific dates or timetable for when deposition will take place: <u>See attached hereto Exhibit A</u>;

    d. a date by which all non-expert discovery shall be completed: <u>See attached hereto Exhibit A</u>;

    e. dates by which the disclosures of the identities and reports of experts be required by Rule 26(a)(2) will be made: <u>To be determined and agreed upon by the Court</u>;

    f. the date by which depositions of experts shall be completed: <u>See attached hereto Exhibit A</u>;

    g. the date by which pretrial motions, if any, will be filed; or, if no such motions are contemplated, the date by which plaintiff will supply pretrial order materials to defendants; and the date by which the parties will submit a joint pretrial order in accordance with procedures of the undersigned: <u>One month before trial is set.</u>

4.  **A PROPOSED SCHEDULE IN ACCORDANCE WITH THIS DISTRICT'S LOCAL PATENT RULES, INCLUDING PROPOSED DEADLINES FOR CLAIM CONSTRUCTION FILINGS AND PROCEEDINGS AND FOR SERVICE OF INFRINGEMENT, INVALIDITY AND/OR UNENFORCEABILITY**

**CONTENTIONS, AS WELL AS ANY PROPOSED MODIFICATION OF THE DEADLINES SET FORTH IN THESE LOCAL PATENT RULES:**

a. Pursuant to Local Patent Rule 6, deadline to file Disclosure of Asserted Claims and Infringement Contentions unless otherwise specified by the Court: May 28, 2021.

   A party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions," which identifies for each opposing party, each claim of each patent-in-suit that is allegedly infringed and each product or process of each opposing party of which the party claiming infringement is aware that allegedly infringes each identified claim.

b. Pursuant to Local Patent Rule 7, Deadline Invalidity Contentions unless otherwise specified by the Court: July 12, 2021.

   Each party opposing a claim of patent infringement must serve upon all parties its "Invalidity Contentions," if any. Invalidity Contentions must identify each item of prior art that the party contends allegedly anticipates or renders obvious each asserted claim, and any other grounds of invalidity, including any under 35 U.S.C. § 101 or § 112, or unenforceability of any of the asserted claims.

c. Pursuant to Local Patent Rule 8, Disclosure Requirement in Patent Cases Initiated by Declaratory Judgment In all cases in which a party files a pleading seeking a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, Local Patent Rule 6 shall not apply with respect to such patent unless and until a claim for patent infringement of such patent is made by a party. If a party does not assert a claim for patent infringement in its answer to the declaratory judgment pleading, unless otherwise specified in the Court's Scheduling Order, the party seeking a declaratory judgment must serve upon all parties its Invalidity Contentions with respect to such patent that conform to Local Patent Rule 7: May 28, 2021.

d. Markman briefing and hearing date: to be determine by the Court.

e. Claim construction filings: to be determined by the Court.

5. **A STATEMENT OF ANY LIMITATIONS TO BE PLACED ON DISCOVERY, INCLUDING ANY PROTECTIVE OR CONFIDENTIALITY ORDERS (INCLUDING ANY ORDER PURSUANT TO RULE 502 OF THE FEDERAL RULES OF EVIDENCE):**

The parties antipicate filing of protective order by April 29, 2021.

**6.  A STATEMENT OF THOSE DISCOVERY ISSUES, IF ANY, AS TO WHICH THE PARTIES, AFTER A GOOD FAITH EFFORT, HAVE BEEN UNABLE TO REACH AN AGREEMENT:**

None.

**7.  ANTICIPATED FIELDS OF EXPERT TESTIMONY, IF ANY:**

Patent law infringement validity and damages.

**8.  ANTICIPATED LENGTH OF TRIAL AND WHETHER, AND BY WHOM, A JURY HAS BEEN REQUESTED:**

Please see attached hereto Exhibit A.

**9.  (A) AN APPROXIMATE DATE OR STAGE OF THE CASE WHEN THE PARTIES BELIEVE IT WOULD BE MOST HELPFUL TO ENGAGE IN SETTLEMENT DISCUSSIONS AND (B) WHETHER THE PARTIES WOULD LIKE TO DISCUSS SETTLEMENT AT SUCH TIME UNDER THE SUPERVISION OF A PRIVATE MEDIATOR, A MEDIATOR FROM THE SDNY MEDIATION PROGRAM, OR THE UNDERSIGNED:**

(A) Approximately one month after the Markman hearing.

(B) The parties would like to discuss settlement at such time under the provision of a private mediator.

"All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order. 'Good cause' as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions."

APPROVED:


*/s/ Jay Johnson*
Jay Johnson
Kizzia Johnson PLLC
1910 Pacific Ave.,
Suite 13000
Dallas, TX 75201
214-451-0164


*/s/ Saul Bienenfeld*
Saul Bienenfeld
Bienenfeld Law
680 Central Ave., Ste. 108
Cedarhurst, NY 11516
212-363-7701


DATED this _____ day of _____, 20\_\_\_\_\_.

BY THE COURT:

_____
United States Judge